# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CHEMICAL SPECIALTIES, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3813 |
| | § | |
| OSMOSE, INC., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Defendant Osmose, Inc.'s Motion to Dismiss for Improper Venue or to Transfer Venue [Doc. # 4]. Plaintiff Chemical Specialties, Inc. ("CSI") filed a Response [Doc. # 8], Osmose, Inc. ("Osmose") filed a Reply [Doc. # 9], and Plaintiff filed a Supplement [Doc. # 10] containing a corrected affidavit of its Vice President, David Fowlie.

The Court has carefully reviewed the full record in this case and the applicable legal authorities. Based on this review, the Court concludes that this case should proceed in Tyler, Texas to better serve the interests of the parties, the witnesses, and the judicial system. Accordingly, the Court **grants** the motion to transfer venue pursuant to § 1404(a) and transfers this case to the Tyler Division of the United States District Court for the Eastern District of Texas.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

CSI is a North Carolina corporation, and Osmose is a New York corporation. The two companies compete in the development, marketing and sale of chemicals used in the protection and treatment of wood and wood products.

William Ramey was employed by CSI between 1990 and August 2005.  He lives in Longview, Texas – in the Tyler Division of the Eastern District of Texas – and worked for CSI from an office in his home.  Ramey signed an employee agreement with CSI agreeing not to disclose confidential information and not to compete against CSI for a period of twelve months after the termination of his employment with CSI.

On July 27, 2005, Ramey notified CSI that he was resigning his employment. CSI advised Ramey that it intended to enforce the non-compete provision of the employee agreement, and Ramey advised CSI that he disputes the enforceability of the agreement.  Ramey subsequently went to work for Osmose.

In August 2005, Ramey filed a lawsuit against CSI in Texas state court seeking a declaratory judgment that the employee agreement was unenforceable.  CSI removed the case to the United States District Court for the Eastern District of Texas, Tyler Division, where it remains pending.  CSI also filed a counterclaim against Ramey seeking an injunction to prevent Ramey from competing against CSI or

disclosing confidential information. The Tyler court denied CSI's request for a temporary injunction.

Plaintiff then filed this lawsuit against Osmose in this court. Plaintiff alleges that Osmose induced Ramey to use confidential information and to compete against CSI in violation of the agreement. Osmose has moved to dismiss the case for improper venue or, alternatively, to transfer the case pursuant to 28 U.S.C. § 1404(a). The motion has been fully briefed and is ripe for decision.

## II.   SECTION 1404(a) MOTION TO TRANSFER VENUE

Osmose contends Tyler is a more appropriate forum and seeks a transfer of this action for the convenience of the parties and witnesses, and in the interest of justice under 28 U.S.C. § 1404(a).[1] For the reasons set forth below, the Court agrees and transfers this case to Tyler.

### A.   Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of this statute is to

---

[1]    It is questionable whether venue is appropriate in this district. *See* 28 U.S.C. § 1391. However, since the Court has broad discretion to transfer a case filed in an improper venue to a district where venue lies, the Court will decide Osmose's pending motion under § 1404(a). *See Spiegelberg v. The Collegiate Licensing Co.*, 402 F. Supp. 2d 786, 793 (S.D. Tex. 2005) (citing *Caldwell v. Palmetto State Savs. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987)).

protect litigants, witnesses, and the public against unnecessary inconvenience and expense, and to avoid wasted time, energy, and money. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). "A motion to transfer venue is addressed to the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (citing *Marbury-Pattillo Constr. Co. v. Bayside Warehouse Co.*, 490 F.2d 155, 158 (5th Cir. 1974)). The movant bears the burden of demonstrating a transfer of venue is warranted. *Brown v. Petroleum Helicopters, Inc.,* 347 F. Supp. 2d 370, 372 (S.D. Tex. 2004); *Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.,* 844 F. Supp. 1163, 1165 (S.D. Tex. 1994) (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)).

The threshold issue under § 1404(a) is whether the Plaintiff's claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). If so, a court then examines "the convenience of the parties and witnesses." *Id.* "The determination of 'convenience' turns on a number of private and public interest factors, none of which are given dispositive weight." *Id.* (quoting *Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)).

The private interest factors include: (1) the plaintiff's choice of forum; (2) the convenience of parties and witnesses; (3)  the cost of attendance of witnesses and other trial expenses; (4) the availability of compulsory process; (5) the relative ease of access to sources of proof; (6)  the place of the alleged wrong; and (7)  the possibility of delay and prejudice.  *In re Volkswagen AG*, 371 F.3d at 203 (citing *Piper Aircraft v. Reyno*, 454 U.S. 235, 241 n.6 (1981)); *accord In re Horseshoe Entertainment*, 337 F.3d 429, 433-34 (5th Cir.), *cert. denied*, 540 U.S. 1049 (2003). The public interest factors are: (1)  the administrative difficulties flowing from court congestion; (2)  the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4)  the avoidance of unnecessary conflict of law problems.  *In re Volkswagen*, 371 F.3d at 203.

## B.   Threshold Consideration:   Is Venue Proper in the Transferee District?

The first determination to be made here is whether venue for Plaintiff's claims is proper in the Eastern District of Texas.  *See id.*  Venue is proper in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  *See* 28 U.S.C. § 1391(a)(2).

The parties do not dispute that this case could have been brought in the Eastern District of Texas.  Osmose's alleged improper conduct was directed to Ramey, who resides in the Eastern District of Texas.  Ramey acted improperly, if at all, when working from his home office in the Eastern District of Texas.  Clearly, a substantial part of the conduct on which Plaintiff's claims are based occurred in the Tyler Division of the Eastern District of Texas and, therefore, the case could have been filed in that court.

**C.**    **Analysis of the Private Interest Factors**

Analysis of the private factors demonstrates that transfer of this case to Tyler is warranted.

**(1)**    **Plaintiff's Choice of Forum**

As a general rule, the Plaintiff's choice of forum is entitled to substantial deference.  *Peteet*, 868 F.2d at 1436.  However, because Houston lacks any legally relevant factual nexus with Plaintiff or the claims in this case, Plaintiff's choice of the Houston forum receives less deference.  *See Martinez v. City of Fort Worth, Texas*, 2003 WL 21289654, at *2 (N.D. Tex. May 28, 2003); *Coons v. Am. Horse Show Assoc., Inc.*, 533 F. Supp. 398, 400 (S.D. Tex. 1982)).

Here, the only connection Plaintiff has with the Southern District is that its counsel has an office in Houston.  However, the Fifth Circuit does not consider the

"location of counsel" a relevant factor in deciding a § 1404(a) motion.  *In re Horseshoe Entertainment*, 337 F.3d at 434.  Thus, although Plaintiff's choice of forum *per se* is entitled to some deference, this factor under the present circumstances weighs only negligibly against transfer.

(2)   **Convenience of Parties and Witnesses**

The relative convenience to the witnesses is often recognized as the most important factor under § 1404(a).  *See e.g., LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998).  "Moreover, it is the convenience of non-party witnesses, rather than that of party witnesses, that is the more important factor and is accorded greater weight in a transfer of venue analysis."  *State Street Capital Corp. v. Dente,* 855 F. Supp. 192, 198 (S.D. Tex. 1994) (citations omitted).

Tyler is more convenient than Houston for the parties and the witnesses.  Most witnesses for Plaintiff and Defendant reside in cities other than Houston.  Ramey, the principal non-party witness in this case resides in the Tyler Division.  In contrast, the parties have identified employees of Eastex as the only potential witnesses in Houston.  This factor strongly favors transfer.

### (3)   Cost of Obtaining Attendance of Witnesses and Other Trial Expenses

The record does not indicate that trial expenses will be greater in Houston or in Tyler.  In this case, however, the existence of the related Tyler lawsuit indicates that the cost can be greatly reduced if this case is transferred to Tyler.  Whether or not the cases are consolidated, an issue on which this Court expresses no opinion, discovery in the two cases could be handled in a way that significantly reduces costs below the double expenditures required if one case remains in Houston and the other goes forward in Tyler.  For example, the timing of depositions and document production could be coordinated for both cases and discovery disputes could be handled by a single judge who has familiarity with both cases.  As a result, this factor weighs heavily in favor of transfer.

### (4)   Availability of Compulsory Process

The parties have not identified any unwilling witnesses who would be subject to compulsory process in the Southern District of Texas, but not in the Eastern District, or vice versa.  This transfer factor is neutral.

### (5)   Relative Ease of Access to Sources of Proof

Neither CSI nor Osmose have their business records in Texas.  Ramey's records are in Longview, within the Tyler Division of the Eastern District of Texas.

Again, any evidence in the possession of Eastex is the only suggested evidence located in Houston.  This factor favors transfer.

### (6)    Place of the Alleged Wrong

The place of the alleged wrong is one of the more important factors in venue determinations.  *Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 732 (S.D. Tex. 2002) (citing *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1067 (S.D. Tex. 1996)). Plaintiff alleges that Osmose, which at the time had no employees in Texas, induced Ramey, who resides in the Eastern District of Texas, to violate the non-compete provision of his employee agreement and wrongfully disclose confidential information.  This conduct occurred, if at all, primarily in the Tyler Division.  This factor weighs heavily in favor of transfer.

### (7)    Possibility of Delay and Prejudice

This factor only applies in "rare and special circumstances" and must be established by clear and convincing evidence.  *In re Horseshoe Entertainment*, 337 F.3d at 434.  Neither party has suggested that a transfer to the Tyler Division would result in a substantial delay in the resolution of this case.  This factor is neutral as to transfer.

The bulk of the private factors thus favor transfer of this case to Tyler or are neutral.  The Court now turns to the public interest factors.

### D.     Public Interest Factors

#### (1)     Administrative Difficulties from Court Congestion

The parties have not pointed to any material administrative difficulties flowing from court congestion in either the Tyler Division or the Houston Division. Consolidated proceedings in Tyler may alleviate, albeit minimally, congestion in both the Houston and Tyler Divisions.  This factor weighs in favor of transfer.

#### (2)     Local Interests

Plaintiff and Defendant are corporations with their principal place of business in a state other than Texas.  CSI has its principal place of business in North Carolina and Osmose has its principal place of business in New York.  Osmose's corporate representatives are in Georgia.  Therefore, it would appear that the local interest factor would be neutral.  But Ramey, a major player in this dispute, resides in the Eastern District of Texas.  Moreover, Tyler has a strong interest in this case because it arises out of events occurring in that division.  *See In re Volkswagen*, 371 F.3d at 206.  Clearly, Tyler has a greater local interest in adjudicating this dispute than Houston, and this factor favors transfer.

#### (3)     Familiarity With the Governing Law

Since the Houston and Tyler Divisions are both federal district courts in Texas, this factor is neutral as to transfer.

### (4)    Avoidance of Unnecessary Conflict of Law Issues

The parties have not identified any conflict of law concerns in this case, but the judges in the Tyler Division are as capable as the judges in the Houston Division of deciding conflict of law issues should they arise.  This factor is neutral as to transfer.

### E.    Conclusion on Section 1404(a) Motion to Transfer Venue

Osmose has met its burden to show that the factors and circumstances substantially favor the transfer of this case to Tyler.  That forum would better serve the interests of the parties, the witnesses, and the judicial system.  The bulk of the venue factors favor or are neutral as to transfer.  The only factor weighing against transfer is Plaintiff's choice of Houston as its forum.  But Plaintiff is not a Houston resident and the location of its lawyer in Houston is not legally relevant.  Plaintiff's choice thus receives less deference.  *See, e.g., Martinez,* 2003 WL 21289654, at *2. Accordingly, the Court will transfer this case to the Tyler Division of the United States District Court for the Eastern District of Texas.

### III.   CONCLUSION AND ORDER

After considering each of the appropriate factors, the Court finds that the Tyler Division of the Eastern District of Texas would better serve the interests of the parties, the witnesses, and the judicial system.  Accordingly, the Court transfers this case to that court.  It is therefore

**ORDERED** that Osmose's Motion to Transfer Venue [Doc. # 4] is **GRANTED** and this case will be **TRANSFERRED** to the Tyler Division of the United States District Court for the Eastern District of Texas by a separate transfer order.

**SIGNED** at Houston, Texas, this **30th** day of **January, 2006.**

Nancy F. Atlas
United States District Judge